10 N.J. Super. 357 (1950)
76 A.2d 270
FLOYD BARNHART AND LAWRENCE DEANGELIS, PLAINTIFFS,
v.
UNITED AUTOMOBILE, AIRCRAFT, AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW-CIO) INTERNATIONAL UNION AND AMALGAMATED LOCAL 669, C.I.O., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided November 5, 1950.
*358 Mr. Martin J. Loftus, attorney for plaintiffs.
Messrs. Rothbard, Harris & Oxfeld, attorneys for defendants.
GRIMSHAW, J.S.C.
Plaintiffs were members of Amalgamated Local 669, affiliated with the international union known as United Automobile, Aircraft and Agricultural Implement Workers of America (U.A.W.-C.I.O.). Barnhart *359 had been the president and DeAngelis the financial secretary of Local 669. At the national convention of the U.A.W., held in Milwaukee, Wisconsin, in July, 1949, the grievance committee of the national body, acting upon a complaint made by the president of Local 950, reported to the convention that the plaintiffs and one Biancardi had been found guilty of conspiring with representatives of Rowe Manufacturing Company, the employer of the members of Local 950, to introduce into the labor contract then in process of negotiation between Local 950 and the Rowe Manufacturing Company, conditions detrimental to the interests of the Rowe workers. The convention approved the report of the grievance committee and expelled plaintiffs from membership in the union. Claiming that the expulsion was contrary to the provisions of the union constitution, plaintiffs seek a judgment of this court declaring the expulsion void.
It may be considered settled that the court in an appropriate case will grant the relief sought. The court will not retry the case to determine the guilt or innocence of the accused. However, it will examine into the circumstances to determine whether or not plaintiffs' rights have been adversely affected. Gaestel v. Brotherhood of Painters, &c., 120 N.J. Eq. 358 (Ch. 1936); Cameron v. International, &c., Union No. 384, 118 N.J. Eq. 11 (E. & A. 1934); Harris v. Geier, 112 N.J. Eq. 99 (Ch. 1932); Dragwa v. Federal Labor Union No. 23070, 136 N.J. Eq. 172 (Ch. 1945).
Local 669 has had a stormy career. There have been controversies between the local officers and the international officers. There have been fights within the local itself. On one occasion resort was had to the criminal courts. In these various affrays, Barnhart, DeAngelis and their accuser, Eugene Zoppo, have figured prominently.
Zoppo, a member of Local 669, is an international representative in charge, among others, of Local 950. In September, 1948, Zoppo told his superior Martin Gerber, and George Cranmore, that Barnhart and DeAngelis had suggested to him that if certain changes favorable to the company could *360 be made in the labor contract then being negotiated between Local 950 and the Rowe Manufacturing Company, a payment of $5,000 would be made to those responsible. Gerber and Cranmore, shocked at the apparent treachery to the union, and believing Zoppo's story, arranged for him to have further negotiations with the plaintiffs by telephone, the conversations being recorded. Finally it was arranged that there should be a meeting on the night of November 3rd when the first payment would be made.
On November 2nd, however, Barnhart called Gerber and said that he was in possession of information that one of the international representatives was preparing to betray one of the unions which he served. At a meeting held next day, Barnhart told Gerber of the various conversations with Zoppo, with which Gerber was already familiar, but refused to tell Gerber that Zoppo was the man involved. Gerber, believing in the guilt of Barnhart and DeAngelis, arranged for them to come to his office on the following Saturday when he confronted them with the international executive committee and demanded that Barnhart and DeAngelis defend themselves against Zoppo's charges. Plaintiffs, on the advice of counsel, refused to do so. Again in January, 1949, plaintiffs were summoned before the executive committee of the international union and again refused to appear. And finally they were directed to appear before the convention grievance committee and present their defense. They refused to do so. The refusals were all based upon the claim that the executive committee and the grievance committee of the international were without jurisdiction; that under the constitution the power to determine the guilt or innocence of the accused lay with the local union.
On November 28, 1948, a meeting of Local 669 was held. Mr. Cranmore and Mr. Zoppo appeared before the members and reviewed the charges against Barnhart and DeAngelis. After a rather turbulent session the local elected a trial committee to hear the charges and appointed counsel to present the matter.
*361 The trial was held on December 20, 1948. Mr. Cranmore and Mr. Zoppo refused to appear and present their evidence. The minutes of the union meeting at which the charges of misconduct had been made, were read. Barnhart and DeAngelis were then called to the stand and examined by the union attorney. At the close of their testimony the trial committee brought in a verdict of acquittal.
The constitution under which the U.A.W. was functioning at the time of the present controversy was adopted by the national convention of the union at Atlantic City in November, 1947. Under that constitution no person could become a member of the international union who was not a member of some affiliated local. And all jurisdiction over membership was given to the local unions. See Article 6, Exhibit P-1. And, similarly, the power to discipline members was placed in the hands of the local union. Article 48 of Exhibit P-1, which deals with the trial of members, provides in section 1, as follows:
"All charges against a member of the Union with the violation of any of the provisions of the Constitution, or with conduct unbecoming a member of the Union, must be specifically set forth in writing and signed by the member making the charges."
The article then proceeds to outline the trial procedure. The quoted section makes no exceptions as to the charges over which the local shall have original jurisdiction. It shall, in the first instance, hear all charges.
From all of which it is clear that Local 669, in insisting upon its right to hear the charges against Barnhart and DeAngelis was acting within its constitutional authority. It is equally clear that the executive board and the grievance committee in attempting to retry the plaintiffs were acting without constitutional justification. And it follows that the subsequent expulsion of the plaintiffs by the convention was a violation of their rights under the union constitution.
The defendants, in justification of their refusal to recognize the trial committee of Local 669, say that the offense *362 with the commission of which Barnhart and DeAngelis were charged, was an offense against another local union which Local 669 was not qualified to try. They say that there was no constitutional provision governing the offense here charged, and, in the absence of such a provision, the convention as the governing body of the union, has the inherent right to expel members who have offended. The trouble with this argument is that the convention itself, in the constitution of 1947, specifically placed in the hands of the local unions all original jurisdiction concerning the discipline of members. This action was deliberate and the omission of any provision for trial by the convention itself negates any claim of inherent powers. And, in passing, it may be noted that the same convention which expelled the plaintiffs adopted an amendment to the constitution giving to the international officers the very power which they claim existed theretofore.
In justification of their refusal to present evidence before the trial committee, the defendants say that the committee was "hand-picked" by Barnhart and DeAngelis and its verdict was a foregone conclusion and a "white wash." As to the charge that the committee was hand-picked, the evidence presented to the court does not justify such a conclusion. And so far as the verdict of acquittal is concerned, it was not surprising in view of the fact that the complaining witnesses refused to testify.
In my opinion, the expulsion of the plaintiffs from the defendant union was not accomplished in the manner provided by the union constitution. And I am unable to conclude that their conduct at the trial was such as to justify the withholding of the relief to which they are entitled. Their reinstatement will be ordered.